Vasquez v EC A1 Hous. Dev. Fund Corp. (2025 NY Slip Op 51304(U))

[*1]

Vasquez v EC A1 Hous. Dev. Fund Corp.

2025 NY Slip Op 51304(U)

Decided on August 20, 2025

Supreme Court, Queens County

Caloras, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through August 25, 2025; it will not be published in the printed Official Reports.

Decided on August 20, 2025
Supreme Court, Queens County

Francisco Vasquez, Plaintiff,

against
EC A1 Housing Development Fund Corporation and 
 Chateau GC LLC, Defendants.
EC A1 Housing Development Fund Corporation, and Chateau GC LLC, Third Party Plaintiffs,
against
Mooregroup Corporation, Third Party Defendant. 
EC A1 Housing Development Fund Corporation, and Chateau GC LLC, Second Third Party Plaintiffs,
against
Concrete Services & Maintenance Corp., Second Third Party Defendant. 
Mooregroup Corporation Third Third Party Plaintiff,
against
Concrete Services & Maintenance Corp. Third Third Party Defendant.

Index No. 714364/2022

MARK R. BERNSTEIN, ESQ. 
Attorneys for the Plaintiff
100 Garden City Plaza, Suite 500 
Garden City, New York 11530 
(516) 741-5252
Email: [email protected]
Cheryl D. Fuchs, Esq.
FUCHS ROSENZWEIG, PLLC 
Attorneys for Defendants/Third-Party Plaintiffs Second Third-Party Plaintiffs EC A1 HOUSING DEVELOPMENT FUND CORPORATION and CHATEAU GC LLC
62 William Street, 3rd Floor
New York, New York 10005 
(212) 933-9901 
E-Mail: [email protected]
Christopher T. Cafaro, Esq. 
James M. Murphy, Esq 
HALL BOOTH SMITH, P.C.
Attorneys for Third-Party Defendant/ Third Third-Party Plaintiff, MOOREGROUP CORPORATION
840 Franklin Avenue 
P.O. Box 7677 
Garden City, New York 11530 
(516) 747-4082
E-Mails: [email protected] [email protected]

Robert I. Caloras, J.

The following e-filed documents, listed by NYSCEF under the motion as: 65-75, were read on the motion by Plaintiff for an order extending the Plaintiff's time to file a Note of Issue and Certificate of Readiness for Trial.
Upon the foregoing documents, it is ordered that the motion by Plaintiff is granted without opposition. Based on the moving papers and the Court file, there has been scant discovery since before January 2024. Apparently, the parties were waiting for the scheduling of a certification conference in the Compliance Part. This Court reminds the attorneys that there is no rule prohibiting discovery scheduling, conducting, and demanding a Note of Issue date without Court intervention. In fact, one only need read the applicable CPLR sections and be "reminded" that the parties are supposed to conduct discovery without Court intervention. However, it is
ORDERED, that the Clerk is directed to schedule a Certification Conference in Part CSCP2 on or before January 30, 2025; and it is
ORDERED, that the Note of Issue date is extended to February 27, 2026.
DATED: August 20, 2025
ROBERT I. CALORAS, J.S.C.